UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNWEN JIANG,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                                    Defendant. | <br><br><br>Civil Action No. 7:25-cv-02434-CS<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

## PRELIMINARY STATEMENT

Plaintiff's First Amended Complaint filed as a matter of course under Rule 15(a)(1)(B) alleges:

1. Plaintiff Junwen Jiang ("Plaintiff") brings this action against Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, arising from Chase's wrongful reporting of a business credit card account (ending in 2363) to Plaintiff's personal credit files maintained by Trans Union LLC ("TransUnion") and Equifax Information Services, LLC ("Equifax").

2. For approximately 2-3 weeks in late February to early March 2025, Chase inaccurately reported the business credit card account to Plaintiff's personal credit files, causing a significant decrease in her credit score, severe emotional distress, and substantial risk to her business's ability to secure critical funding.

3. Plaintiff disputed the inaccurate reporting through the Consumer Financial Protection Bureau ("CFPB") portal, notifying TransUnion, Equifax, and Chase. All parties acknowledged the dispute, but Chase failed to conduct a reasonable investigation or timely correct the inaccurate information, exacerbating Plaintiff's damages.

4. As a result of Chase's FCRA violations, Plaintiff suffered severe emotional distress, including anxiety, depression, and a mental collapse, requiring ongoing mental health

1

support, as well as potential financial harm to her business. Plaintiff seeks actual, statutory, and punitive damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the FCRA, a federal statute.

6. This Court has personal jurisdiction over Defendant Chase, which is incorporated in Delaware and maintains its principal place of business in New York, and which conducts substantial business in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim occurred in this District, including Chase's reporting of inaccurate information to Plaintiff's credit files and the resulting harm suffered by Plaintiff, a resident of Westchester County, New York.

## PARTIES

8. Plaintiff Junwen Jiang is an individual residing at 7 Rye Ridge Plaza #340, Rye Brook, Westchester County, New York 10573. She was born in 1986 and is a citizen of the State of New York.

9. Defendant JPMorgan Chase Bank, N.A. is a national banking association incorporated under the laws of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017. Chase is a wholly-owned subsidiary of JPMorgan Chase & Co., a publicly held corporation. Chase may be served at 700 Kansas Lane, Monroe, Ouachita Parish, Louisiana 71203, or at its principal place of business.

## FACTUAL ALLEGATIONS

### Background

2

10. Plaintiff is the owner and operator of American International Eduservice, an international education business that recruits international students to U.S. high schools and colleges. The business relies heavily on securing funding to maintain operations, particularly in light of recent visa policy challenges affecting international student recruitment.

11. In 2019, Plaintiff opened a business credit card account with Chase, ending in 2363, for use exclusively in connection with her business. From 2019 to 2024, Chase never reported this account to Plaintiff's personal credit files maintained by TransUnion, Equifax, or Experian Information Solutions, Inc. ("Experian"), consistent with its status as a business account not tied to Plaintiff's personal credit responsibility.

12. In or about late February 2025, Chase wrongfully reported the business credit card account to Plaintiff's personal credit files at TransUnion and Equifax, including in consumer credit reports generated by these agencies. The account carried a high balance, which significantly lowered Plaintiff's personal credit score.

13. The inaccurate tradeline remained on Plaintiff's TransUnion and Equifax personal credit files and consumer reports for approximately 2-3 weeks, from late February to early March 2025, during which Plaintiff suffered severe emotional distress and faced substantial risk to her business's financial stability.

### Plaintiff's Discovery of the Inaccurate Reporting

14. In early March 2025, while seeking funding for her business, Plaintiff checked her personal consumer (credit) reports from TransUnion and Equifax and discovered the inaccurate consumer reporting of the business credit card account. The high balance reported caused her credit score to drop dramatically, from a previously strong score to a level that jeopardized her ability to secure business funding

.

15. Upon discovering the inaccurate reporting, Plaintiff experienced immediate and severe emotional distress, including anxiety, depression, and a mental collapse. She feared that the lowered credit score would lead to the denial of critical funding, threatening the survival of her business and her family's financial stability, as her business is the primary source of income for her household of four.

16. Plaintiff's emotional distress manifested in physical symptoms, including insomnia, loss of appetite, and difficulty concentrating, and required her to seek mental health support. Plaintiff continues to suffer from depression and anxiety as a result of the incident.

**Plaintiff's Disputes and Chase's Response**

17. On or about March 22, 2025, Plaintiff filed a dispute through the CFPB portal, notifying TransUnion, Equifax, and Chase of the inaccurate reporting of the business credit card account on her personal consumer (credit) files. The dispute clearly stated that the account was a business account opened in 2019 and had never been reported to her personal credit files prior to February 2025.

18. TransUnion, Equifax, and Chase acknowledged receipt of the dispute through the CFPB portal. TransUnion and Equifax forwarded the dispute to Chase, as the furnisher of the information, triggering Chase's obligations under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and correct the inaccurate information.

19. Despite receiving notice of the dispute from TransUnion and Equifax, Chase failed to conduct a reasonable investigation into the accuracy of the reported information. Chase's investigation, if any, was inadequate, as it failed to promptly identify and correct the error during the 2-3 week period when the inaccurate tradeline caused Plaintiff significant harm.

4

20. On or about March 18, 2025, Chase sent a letter to Plaintiff (attached as Exhibit A to the original Complaint, Case 7:25-cv-02434-CS, Document 1-1, and again hereto as **Exhibit A**) acknowledging that the business credit card account was "incorrectly reported" to her personal consumer (credit) file and stating that it had sent updates to the credit reporting agencies to correct the error. However, Chase's response was untimely and insufficient, as the inaccurate tradeline remained on Plaintiff's consumer (credit) files and consumer (credit) reports for approximately 2-3 weeks, causing ongoing harm.

21. TransUnion confirmed on or about May 5, 2025, through the CFPB portal, that the business credit card account was no longer on Plaintiff's consumer (credit) file, and Equifax similarly updated its records. However, the correction came too late to mitigate the severe emotional distress and potential financial harm Plaintiff suffered during the 2-3 week period of inaccurate reporting.

22. Chase's failure to conduct a reasonable investigation and promptly correct the inaccurate reporting violated its obligations under 15 U.S.C. § 1681s-2(b), directly causing Plaintiff's damages.

### Chase's Conduct and Damages

23. Chase's inaccurate reporting and failure to reasonably investigate and correct the error were negligent and/or willful, as Chase knew or should have known that the business credit card account was not associated with Plaintiff's personal credit file, having not reported it as such for over five years.

24. During the 2-3 week period of inaccurate reporting, Plaintiff's lowered credit score created a substantial risk that her business would be unable to secure critical funding, as lenders rely heavily on personal credit scores when evaluating funding applications for small businesses like Plaintiff's.

25. Plaintiff suffered severe emotional distress, including anxiety, depression, and a mental collapse, directly resulting from the inaccurate reporting and the fear of losing her business and family income. These injuries were most acute during the 2-3 week period when the inaccurate tradeline appeared on her consumer (credit) reports.

26. Plaintiff's emotional distress required her to seek mental health support and continues to affect her daily life, causing ongoing anxiety and depression. Plaintiff incurred costs for mental health services and lost time from her business to address the inaccurate reporting and its consequences.

27. Plaintiff also faced potential financial harm, as the lowered credit score jeopardized her ability to secure funding during a critical period for her business, which was already strained by visa policy challenges. While Plaintiff has not yet identified specific funding denials, the risk of such denials was concrete and imminent during the 2-3 week period, given the importance of her credit score to lenders.

## CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b))

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Defendant Chase is a "furnisher" of information under the FCRA, as it regularly provides credit information to consumer reporting agencies, including TransUnion and Equifax.

30. In late February 2025, Chase inaccurately reported Plaintiff's business credit card account (ending in 2363) to her personal credit files at TransUnion and Equifax, despite knowing or having reason to know that the account was a business account not associated with her personal credit responsibility.

31. On or about March 22, 2025, Plaintiff disputed the inaccurate reporting through the CFPB portal, notifying TransUnion, Equifax, and Chase. TransUnion and Equifax forwarded the dispute to Chase, triggering its obligations under 15 U.S.C. § 1681s-2(b).

32. Chase failed to conduct a reasonable investigation into the accuracy of the reported information, as required by 15 U.S.C. § 1681s-2(b)(1)(A). Chase's investigation, if any, was inadequate, as it failed to promptly identify and correct the error during the 2-3 week period when the inaccurate tradeline caused Plaintiff significant harm.

33. Chase failed to delete or correct the inaccurate information in a timely manner, as required by 15 U.S.C. § 1681s-2(b)(1)(E), allowing the tradeline to remain on Plaintiff's credit files for approximately 2-3 weeks, causing ongoing harm.

34. Chase failed to notify TransUnion and Equifax of the results of its investigation in a timely manner, as required by 15 U.S.C. § 1681s-2(b)(1)(C)-(D), further delaying the correction of Plaintiff's credit files.

35. Chase's violations of 15 U.S.C. § 1681s-2(b) were negligent and/or willful, as Chase knew or should have known of the inaccuracy, given its five-year history of not reporting the account to Plaintiff's personal credit files, and failed to implement adequate procedures to prevent or correct such errors.

36. As a direct and proximate result of Chase's violations, Plaintiff suffered actual damages, including:

- Severe emotional distress, including anxiety, depression, and a mental collapse, requiring mental health support and causing ongoing psychological harm;

- Costs incurred for mental health services;

- Lost time and productivity addressing the inaccurate reporting and its consequences;

- A substantial risk of financial harm due to the lowered credit score, which kindized Plaintiff's ability to secure critical funding for her business during the 2-3 week period.

37. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to actual damages, costs, and reasonable attorney's fees for Chase's negligent violations of the FCRA.

38. In the alternative, pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to actual damages, statutory damages up to $1,000, punitive damages, costs, and reasonable attorney's fees for Chase's willful violations of the FCRA.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant Chase;

2. Award actual damages for Plaintiff's emotional distress, mental health costs, lost time, and other harms caused by Chase's FCRA violations, in an amount to be determined by the jury;

3. Award statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1681n, if Chase's violations are found to be willful;

4. Award punitive damages pursuant to 15 U.S.C. § 1681n, in an amount to be determined by the jury, to deter Chase from future FCRA violations;

5. Award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

6. Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: New York, New York
      June 18, 2025

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNWEN JIANG,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                                    Defendant. | Civil Action No. 7:25-cv-02434-CS<br><br>**CERTIFICATE OF SERVICE** |

I certify that a true copy of the foregoing was served upon all parties of record via CM/ECF.

Respectfully submitted,

Dated: New York, New York
         June 18, 2025

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF

10