UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNWEN JIANG,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                                    Defendant. | <br><br>Civil Action No. 7:25-cv-02434-CS<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

### PRELIMINARY STATEMENT

1. Plaintiff Junwen Jiang ("Plaintiff"), pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and with leave of Court or Defendant's consent, files this Second Amended Complaint against Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., arising from Chase's wrongful reporting of a business credit card account (ending in 2363) to Plaintiff's personal credit files maintained by Trans Union LLC ("TransUnion") and Equifax Information Services, LLC ("Equifax").

2. From late February to mid-March 2025, for approximately 2-3 weeks, Chase inaccurately reported the business credit card account, which carried a high balance, to Plaintiff's personal credit files, causing a significant decrease in her credit score, severe emotional distress, a substantial risk of financial harm to her business, and costs associated with addressing the inaccurate reporting.

3. Plaintiff disputed the inaccurate reporting through the Consumer Financial Protection Bureau ("CFPB") portal on March 9, 2025, notifying TransUnion, Equifax, and Chase. Although Chase acknowledged the error on March 18, 2025, and sent updates to correct the credit files, it failed to conduct a reasonable investigation or correct the inaccurate

1

information in a timely manner, allowing the inaccurate tradeline to persist for 2-3 weeks, exacerbating Plaintiff's damages.

4. As a result of Chase's FCRA violations, Plaintiff suffered concrete and particularized injuries, including severe emotional distress (manifested as anxiety, depression, and physical symptoms), costs incurred to address the inaccurate reporting, and a substantial risk of financial harm due to her inability to pursue critical business funding during the period of inaccurate reporting.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the FCRA, a federal statute.

6. This Court has personal jurisdiction over Defendant Chase, a national banking association incorporated in Delaware with its principal place of business at 270 Park Avenue, New York, New York 10017, which conducts substantial business in this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to this claim occurred in this District, including Chase's reporting of inaccurate information to Plaintiff's credit files and the resulting harm suffered by Plaintiff, a resident of Westchester County, New York.

## PARTIES

8. Plaintiff Junwen Jiang is an individual residing at 7 Rye Ridge Plaza #340, Rye Brook, Westchester County, New York 10573. She was born in 1986 and is a citizen of the State of New York.

9. Defendant JPMorgan Chase Bank, N.A. is a national banking association incorporated under the laws of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017. Chase is a wholly-owned subsidiary of JPMorgan Chase & Co., a publicly held corporation. Chase may be served at 700 Kansas Lane, Monroe, Ouachita Parish, Louisiana 71203, or at its principal place of business.

## FACTUAL ALLEGATIONS

### Background

10. Plaintiff is the owner and operator of American International Eduservice, an international education business that recruits international students to U.S. high schools and colleges. The business, Plaintiff's primary source of income for her household of four, relies heavily on securing funding to maintain operations, particularly amid challenges posed by visa policy changes affecting international student recruitment.

11. In 2019, Plaintiff opened a business credit card account with Chase, ending in 2363, for use exclusively in connection with her business. From 2019 to 2024, Chase never reported this account to Plaintiff's personal credit files maintained by TransUnion, Equifax, or Experian Information Solutions, Inc. ("Experian"), consistent with its status as a business account not tied to Plaintiff's personal credit responsibility.

12. In late February 2025, Chase wrongfully reported the business credit card account to Plaintiff's personal credit files at TransUnion and Equifax, including in consumer credit reports generated by these agencies. The account carried a high balance, which significantly lowered Plaintiff's personal credit score from a previously strong score to a level that jeopardized her ability to secure business funding.

13. The inaccurate tradeline remained on Plaintiff's TransUnion and Equifax personal credit files and consumer reports for approximately 2-3 weeks, from late February to mid-March 2025, during which Plaintiff suffered severe emotional distress, incurred costs to address the issue, and faced a substantial risk to her business's financial stability.

**Plaintiff's Discovery of the Inaccurate Reporting**

14. In early March 2025, while preparing to seek a cash-out refinance mortgage of $750,000 to $1,000,000 on a commercial property in Pennsylvania to fund her business, Plaintiff checked her personal credit reports from TransUnion and Equifax via Credit Karma and discovered the inaccurate reporting of the business credit card account.

15. The high balance reported caused Plaintiff's credit score to drop dramatically, creating a substantial risk that she would be unable to secure the critical funding needed to sustain her business, which was already strained by visa policy challenges.

16. Upon discovering the inaccurate reporting, Plaintiff experienced immediate and severe emotional distress, including anxiety, depression, hopelessness, and physical symptoms such as insomnia, loss of appetite, and difficulty concentrating. She feared that the lowered credit score would lead to the denial of funding, threatening her business's survival and her family's financial stability.

17. Plaintiff's emotional distress altered her behavior, causing her to become irritable, yell at her children, and express hopelessness about her business and family's future, as corroborated by her husband, Mathein Jiang, in his affidavit dated June 22, 2025.

18. Due to the shock and despair caused by the lowered credit score, Plaintiff refrained from applying for the planned cash-out refinance mortgage or other personal credit (e.g., credit cards, auto loans), reasonably believing that her low credit score would result in

rejections, higher interest rates, or unfavorable terms, further jeopardizing her business's financial prospects.

**Plaintiff's Dispute and Chase's Response**

19. On March 9, 2025, Plaintiff filed a dispute through the CFPB portal, notifying TransUnion, Equifax, and Chase of the inaccurate reporting. The dispute clearly stated that the account was a business account opened in 2019 and had never been reported to her personal credit files prior to February 2025.

20. TransUnion, Equifax, and Chase acknowledged receipt of the dispute through the CFPB portal. TransUnion and Equifax forwarded the dispute to Chase, as the furnisher of the information, triggering Chase's obligations under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and correct the inaccurate information.

21. On March 18, 2025, Chase sent a letter to Plaintiff (attached as Exhibit A to the original Complaint, Case 7:25-cv-02434-CS, Document 1-1, and incorporated herein) acknowledging that the business credit card account was "incorrectly reported" to her personal credit file and stating that it had sent updates to the credit reporting agencies to correct the error.

22. Despite receiving notice of the dispute, Chase failed to conduct a reasonable investigation into the accuracy of the reported information, as required by 15 U.S.C. § 1681s-2(b)(1)(A). Chase's investigation, if any, was inadequate, as it failed to promptly identify and correct the error during the 2-3 week period when the inaccurate tradeline caused Plaintiff significant harm.

23. Chase's delay in correcting the inaccurate information, which remained on Plaintiff's credit files for approximately 2-3 weeks, violated 15 U.S.C. § 1681s-2(b)(1)(E), causing ongoing harm to Plaintiff during this period.

24. TransUnion confirmed on or about May 5, 2025, through the CFPB portal, that the business credit card account was no longer on Plaintiff's credit file, and Equifax similarly updated its records. However, the correction came too late to mitigate the severe emotional distress, costs, and risk of financial harm Plaintiff suffered during the 2-3 week period of inaccurate reporting.

### Chase's Conduct and Damages

25. Chase's inaccurate reporting and failure to reasonably investigate and promptly correct the error were negligent and/or willful. Chase knew or should have known that the business credit card account was not associated with Plaintiff's personal credit file, having not reported it as such for over five years from 2019 to 2024.

26. Chase's conduct suggests willfulness, as it closed Plaintiff's three personal credit cards in October and November 2024, reduced their credit limits prior to closure, and repeatedly contacted Plaintiff in 2024 to collect on the business credit card debt after closing the account, indicating an intent to pressure Plaintiff to pay off the business card debt by reporting it to her personal credit file in February 2025.

27. During the 2-3 week period of inaccurate reporting, Plaintiff's lowered credit score created a substantial risk that her business would be unable to secure the $750,000 to $1,000,000 cash-out refinance mortgage critical to its survival, as lenders rely heavily on personal credit scores when evaluating funding applications for small businesses like Plaintiff's.

28. Plaintiff suffered severe emotional distress, including anxiety, depression, hopelessness, and physical symptoms (insomnia, loss of appetite, difficulty concentrating), directly resulting from the inaccurate reporting and the fear of losing her business and family income. These injuries were most acute during the 2-3 week period when the inaccurate tradeline appeared on her credit reports.

29. Plaintiff incurred costs, including time and resources spent addressing the inaccurate reporting, such as researching her credit reports, filing the CFPB dispute, and communicating with her husband and potential lenders to assess the impact of her lowered credit score.

30. Although Plaintiff did not apply for the cash-out refinance mortgage due to her reasonable fear of rejection, the risk of financial harm was concrete and imminent, as her lowered credit score materially increased the likelihood of denial or unfavorable terms, directly impacting her ability to sustain her business during a critical period.

31. The eventual removal of the inaccurate tradeline does not negate Chase's FCRA violations or Plaintiff's injuries, as the harm—severe emotional distress, costs, and risk of financial loss—occurred during the 2-3 week period of inaccurate reporting and was directly caused by Chase's failure to promptly investigate and correct the error. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (FCRA liability persists for harms caused during period of inaccurate reporting, regardless of subsequent correction).

## CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b))

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Defendant Chase is a "furnisher" of information under the FCRA, as it regularly provides credit information to consumer reporting agencies, including TransUnion and Equifax.

34. In late February 2025, Chase inaccurately reported Plaintiff's business credit card account (ending in 2363) to her personal credit files at TransUnion and Equifax, despite knowing or having reason to know that the account was a business account not associated with her personal credit responsibility, given its five-year history of not reporting the account to Plaintiff's personal credit files.

35. On March 9, 2025, Plaintiff disputed the inaccurate reporting through the CFPB portal, notifying TransUnion, Equifax, and Chase. TransUnion and Equifax forwarded the dispute to Chase, triggering its obligations under 15 U.S.C. § 1681s-2(b).

36. Chase failed to conduct a reasonable investigation into the accuracy of the reported information, as required by 15 U.S.C. § 1681s-2(b)(1)(A). Chase's investigation, if any, was inadequate, as it failed to promptly identify and correct the error during the 2-3 week period when the inaccurate tradeline caused Plaintiff significant harm.

37. Chase failed to delete or correct the inaccurate information in a timely manner, as required by 15 U.S.C. § 1681s-2(b)(1)(E), allowing the tradeline to remain on Plaintiff's credit files for approximately 2-3 weeks, causing ongoing harm.

38. Chase failed to notify TransUnion and Equifax of the results of its investigation in a timely manner, as required by 15 U.S.C. § 1681s-2(b)(1)(C)-(D), further delaying the correction of Plaintiff's credit files.

39. Chase's violations of 15 U.S.C. § 1681s-2(b) were negligent and/or willful. Chase's history of not reporting the account to Plaintiff's personal credit files, combined with its actions in 2024 (closing Plaintiff's personal credit cards, attempting to collect on the

business card debt, and closing the business card account), suggests that Chase intentionally reported the business card to Plaintiff's personal credit file to pressure her to pay the debt, constituting willful misconduct under 15 U.S.C. § 1681n.

40. As a direct and proximate result of Chase's violations, Plaintiff suffered actual damages, including:

- Severe emotional distress, including anxiety, depression, hopelessness, and physical symptoms (insomnia, loss of appetite, difficulty concentrating), as corroborated by her husband's affidavit;

- Costs incurred to address the inaccurate reporting, including time and resources spent researching credit reports, filing the CFPB dispute, and communicating with others;

- A substantial risk of financial harm due to the lowered credit score, which prevented Plaintiff from pursuing a $750,000 to $1,000,000 cash-out refinance mortgage critical to her business's survival, as lenders rely on personal credit scores for such funding.

41. These injuries are concrete and particularized under *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016), and *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2204 (2021), as they constitute real, tangible harms (emotional distress, costs, and imminent risk of financial loss) directly caused by Chase's FCRA violations, not merely procedural violations.

42. Pursuant to 15 U.S.C. § 1681o, Plaintiff is entitled to actual damages, costs, and reasonable attorney's fees for Chase's negligent violations of the FCRA.

43. In the alternative, pursuant to 15 U.S.C. § 1681n, Plaintiff is entitled to actual damages, statutory damages up to $1,000, punitive damages, costs, and reasonable attorney's fees for Chase's willful violations of the FCRA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

44. Enter judgment in favor of Plaintiff and against Defendant Chase;

45. Award actual damages for Plaintiff's emotional distress, costs incurred, and other harms caused by Chase's FCRA violations, in an amount to be determined by the jury;

46. Award statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1681n, if Chase's violations are found to be willful;

47. Award punitive damages pursuant to 15 U.S.C. § 1681n, in an amount to be determined by the jury, to deter Chase from future FCRA violations;

48. Award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

49. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: New York, New York
    July 8, 2025

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNWEN JIANG,<br><br>                              Plaintiff,<br><br>            v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                              Defendant. | Civil Action No. 7:25-cv-02434-CS<br><br>**CERTIFICATE OF SERVICE** |

I certify that a true copy of the foregoing was served upon all parties of record via CM/ECF.

Respectfully submitted,

Dated: New York, New York
       July 8, 2025

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Email: brian@brianponder.com
ATTORNEY FOR PLAINTIFF

11